IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00724-FL

| | |
|---|---|
| CORNELIA FAYE SNOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF HEALTH AND HUMAN ) <br> SERVICES, LONGLEAF ) <br> NEURO-MEDICAL TREATMENT ) <br> CENTER, WILLIAM R. BENTON, *in* ) <br> *his professional and personal capacity*, ) <br> WENDY GODWIN, *in her professional* ) <br> *and personal capacity*, and DIVISION ) <br> OF STATE OPERATED ) <br> HEALTHCARE FACILITIES, ) <br> ) <br> Defendants. ) | **MEMORANDUM AND** <br> **RECOMMENDATION** |

This matter is before the court on Defendants' motion to dismiss, pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure [DE-25], to which Plaintiff filed a response in opposition [DE-35]. All briefing is complete, and the motion is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, Defendants' motion to dismiss is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons more fully set forth below, it is recommended that Defendants' motion to dismiss be granted.

## I. PROCEDURAL BACKGROUND

Plaintiff initiated this action on November 6, 2012, with the filing of a motion to proceed *in forma pauperis* [DE-2], which was allowed by the court [DE-13], and Plaintiff's complaint was

subsequently filed [DE-14]. Plaintiff alleges deprivations of her Fourteenth Amendment right to procedural due process and substantive due process and a state law claim for abuse of process. Compl. [DE-14] ¶¶ 72-116. Plaintiff seeks compensatory and punitive damages, including back pay, pre- and post-judgment interest, and costs. *Id.* at 15.

## II. FACTUAL BACKGROUND

Plaintiff was employed as a Health Care Technician with Defendant Longleaf Neuro-Medical Treatment Center ("Longleaf") from April 1, 2008, until her termination effective January 14, 2010, for willfully violating a work rule on January 5, 2010. *Id.* ¶¶ 12-13. On January 8, 2010, Defendant Wendy Godwin ("Godwin"), a Unit Nurse Manager with Longleaf, sent a letter to Plaintiff by certified mail stating there would be a pre-disciplinary conference at 11:30 a.m. on January 12, 2010. *Id.* ¶ 30. Plaintiff did not receive the notice, which was signed for by another employee, and did not attend the hearing, which she only learned of after its conclusion. *Id.* ¶¶ 33, 36, 38.

On January 13, 2010, Plaintiff attended an informal meeting classified as a "pre-disciplinary conference" with Defendant William Benton ("Benton"), Center Director of Longleaf. *Id.* ¶¶ 39-40. Plaintiff was not aware that the meeting constituted her Step I appeal conference. *Id.* ¶ 41. Prior to January 13, 2010, the conference changed from a pre-disciplinary conference to a pre-dismissal conference without any testimony of Plaintiff, and at the conference Plaintiff was given a letter which stated that dismissal had been recommended. *Id.* ¶¶ 56-57. Plaintiff had not been informed of what evidence had been presented and by whom or why dismissal was recommended prior to a formal pre-disciplinary conference. *Id.* ¶ 58. Plaintiff was dismissed with cause the next day. *Id.* ¶ 42. The termination letter stated that Plaintiff was terminated for using an improper pad placement, but she later received a revised termination letter stating she used improper technique.

2

*Id.* ¶¶ 61-62.

On February 3, 2010, Plaintiff again met with Benton, which constituted Plaintiff's Step II appeal conference. *Id.* ¶ 44. In a letter dated February 3, 2010, Benton stated that the information Plaintiff supplied him regarding inaccuracies in the record were noted. *Id.* ¶ 45. Benton denied Plaintiff an appeal, although Plaintiff had been told that if she was not satisfied with the final decision by the head of the department, she could appeal to the State Personnel Commission. *Id.* ¶¶ 28, 46. On February 8, 2010, Plaintiff filed a Step III Grievance, and on March 19, 2010, Plaintiff received a Step III Grievance Conference. *Id.* ¶¶ 47-48. Plaintiff testified at the March 19, 2010 conference that she did not receive the two certified letters sent to notify her of the pre-disciplinary conference. *Id.* ¶¶ 49-50. Plaintiff also testified that she called Godwin to inform her that Plaintiff had been in an automobile accident and the physician stated Plaintiff should not return to work until January 18, 2010, but that Godwin demanded Plaintiff meet her on January 10, 2010. *Id.* ¶¶ 52-53. Plaintiff indicated she did not have an opportunity to prepare for the conference and was not given an opportunity to request a change of date for the conference in order to gather evidence which might exonerate Plaintiff. *Id.* ¶¶ 54-55. At the conclusion of the internal hearing on March 19, 2010, the Hearing Officer recommended that management uphold Plaintiff's suspension for causes relating to personal conduct detrimental to State service, pending the giving of written reasons. *Id.* ¶ 65.

On April 27, 2010, the hearing officer filed for a Final Agency Decision upholding Plaintiff's dismissal from employment. *Id.* ¶ 66. On June 29, 2010, an Administrative Law Judge dismissed Plaintiff's contested case petition, which constituted a final decision from the Office of Administrative Hearings. *Id.* ¶¶ 67-68. The dismissal by the Administrative Law Judge did not take into account irregularities in the enforcement of policies and procedures for Plaintiff and was based

3

solely on the fact that Plaintiff was not a career employee. *Id.* ¶¶ 69-70.

### III. STANDARD OF REVIEW

**A.   Rule 12(b)(1)**

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a threshold question that must be addressed by the court before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does, in fact, exist. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**B.   Rule 12(b)(2)**

Pursuant to Rule 12(b)(2), a court must dismiss a party over which it lacks personal jurisdiction, and the party asserting personal jurisdiction has the burden of proving jurisdiction by a preponderance of the evidence. *Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Where, as here, a court addresses the question of jurisdiction based only on the allegations in the complaint and the motions and supporting memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing of jurisdiction. *Id.* In determining whether the plaintiff has proven a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

**C.   Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a court must dismiss an action which fails to state a claim upon

4

which relief can be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the sufficiency of the facts pleaded in the complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

The pleading standard set forth in Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

In the complaint, Plaintiff asserts claims for deprivation of her Fourteenth Amendment right to procedural due process and substantive due process, as well as a state law claim for abuse of process. Compl. ¶¶ 72-116. Defendants have moved for dismissal of Plaintiff's complaint in its entirety. Defs.' Mem. [DE-26] at 4-12. In response to Defendants' motion, Plaintiff has withdrawn her claims for violation of substantive due process and abuse of process, as well as the individual capacity claims against Defendants William R. Benton and Wendy Godwin. Pl.'s Mem. [DE-35]

5

at 8, 10-11. Accordingly, the sole remaining claim asserted is one for violation of procedural due process.

Defendants contend Plaintiff has failed to state a claim and, alternatively, that any claim is barred by sovereign immunity. "A court ... ordinarily must resolve Eleventh Amendment questions 'as soon as possible after the State asserts its immunity.'" *Teague v. N.C. Dep't of Transp.*, No. 5:07-CV-45-F, 2007 WL 2898707, at *2 (E.D.N.C. Sept. 28, 2007) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005)). Accordingly, the issue of sovereign immunity is addressed at the outset.

A.  **Sovereign Immunity**

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign States." U.S. Const. amend. XI. The Supreme Court has stated, "[t]he ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This immunity from suit applies not only to the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at *3 (E.D.N.C. Aug. 16, 2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974); *Constantine*, 411 F.3d at 479). The Supreme Court has specifically held the Eleventh Amendment to preclude claims against a State and

6

its instrumentalities brought pursuant to 42 U.S.C. § 1983, which is presumably the basis for this suit. *Will*, 491 U.S. at 71.

The Defendants here–a state agency (the North Carolina Department of Health and Human Services), a division of said agency (Division of State Operated Medical Facilities), a facility operated by said division (Longleaf Neuro-Medical Treatment Center), and two employees of said facility (Godwin and Benton) sued in their official capacity–are each entitled to the protection of North Carolina's sovereign immunity unless otherwise waived or abrogated. *Id.* Plaintiff makes two arguments against the application of sovereign immunity.

First, Plaintiff argues, relying on the case of *Suleman v. Shinseki*, No. 5:10-CV-355-FL, 2011 WL 1871399 (E.D.N.C. Apr. 19, 2011), that sovereign immunity has been waived, because Plaintiff's claim is in essence an appeal of a final agency action. Pl.'s Mem. at 8-9. The *Suleman* case considered the issue of waiver of sovereign immunity by the federal government under the Administrative Procedures Act ("APA"), 5 U.S.C. § 704. 2011 WL 1871399, at *3. The present case does not implicate the APA. Accordingly, *Suleman* provides no basis for a finding that North Carolina has waived its sovereign immunity in the present case. *Cf. Teague*, 2007 WL 2898707, at *3 (finding no waiver or abrogation of immunity where plaintiff asserted a due process claim, pursuant to 42 U.S.C. § 1983, resulting from the administrative proceedings following his dismissal from the North Carolina Department of Transportation).

Next, Plaintiff argues that her claim is not barred by sovereign immunity to the extent she seeks "monetary relief" as opposed to "monetary damages." Pl.'s Mem. at 9-10. While there is no such exception to the bar of sovereign immunity with respect to the state or its instrumentalities, when state officials are sued in their official capacity for prospective relief, the doctrine of *Ex parte*

7

*Young* applies so that the suit is not deemed to be one against the state and is not barred by the Eleventh Amendment. 209 U.S. 123, 159-60 (1908); *see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993) (explaining *Ex parte Young* allows "suits seeking prospective, but not compensatory or other retrospective relief" to be brought against "state officials in federal court challenging the constitutionality of official conduct enforcing state law," but that suits against the States and their agencies are barred regardless of the relief sought). Here, Plaintiff seeks no prospective or injunctive relief, only retroactive monetary relief; thus, the doctrine of *Ex Parte Young* does not save Plaintiff's claim. *See Bradley v. N.C. Dep't of Transp., Div. of Motor Vehicles*, 286 F. Supp. 2d 697, 702-03 (W.D.N.C. 2003) (dismissing plaintiff's claim for back pay and interest against the state agency and its officials as constituting an "unconstitutional monetary award against a state," barred by the Eleventh Amendment) (citing *Edelman v. Jordan*, 415 U.S. 651, 664-65 (1974)); *Dai v. Univ. of N.C., at Chapel Hill*, No. 1:02CV224, 2003 WL 22113444, at *10 (M.D.N.C. Sept. 2, 2003) (applying Eleventh Amendment immunity to claims against a state university and official where plaintiff had not requested prospective equitable relief but only back pay and compensatory damages).

Plaintiff cites the case of *United States v. Long*, 537 F.2d 1151 (4th Cir. 1975), for the proposition that equitable monetary relief is distinguishable from monetary damages. *Id.* at 1153. However, *Long* involved a claim by the government regarding violations of fair housing provisions of the Civil Rights Act of 1968 against non-government actors and not a § 1983 claim against a state cloaked with sovereign immunity. *Id.* at 1151. It is acknowledged that back pay, or other forms of monetary relief, may be awarded against other types of defendants and in connection with other types of claims, as was the case in *Long*. For example, municipal or other local government defendants

8

are subject to § 1983 liability, including monetary damages, pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). *See Burt v. Abel*, 585 F.2d 613, 617 (4th Cir. 1978) ("Under *Monell*, a plaintiff with a [§] 1983 claim against a municipality, if such claim arises out of an official action of that municipality, may sue the municipality directly for monetary, declaratory or injunctive relief."). Likewise, back pay is available against the state on a Title VII employment discrimination claim, because state sovereign immunity was abrogated by Congress in enacting Title VII. *See Ellis v. North Carolina*, 50 F. App'x 180, 2002 WL 31546000 (4th Cir. Nov. 18, 2002) ("[T]he Supreme Court has held that in enacting Title VII, Congress properly abrogated the states' Eleventh Amendment immunity for such suits.") (citations omitted); 42 U.S.C. § 2000e-5(g)(1) (providing the court may award back pay as relief under Title VII). However, the present case implicates none of these exceptions, and Plaintiff has failed to cite any other applicable exception to the general rule that monetary relief is not available against a state under § 1983. Accordingly, where Plaintiff seeks no prospective or injunctive relief and only monetary relief against the state, its instrumentalities, and employees in their official capacity, Plaintiff's procedural due process claim is barred by immunity, and it is recommended that this claim be dismissed.

**B.     Failure to State a Claim**

Even if Plaintiff's claim was not barred by sovereign immunity, Plaintiff has alternatively failed to state a claim, because the allegations of the complaint indicate she had no property interest in her employment. Plaintiff alleges that she was "employed as a Health Care Technician from April 1, 2008 until her termination with cause effective January 14, 2010"; that she "had less than 24 months continuous service and had not attained the status of CAREER STATE EMPLOYEE as defined by N.C. Gen. Stat. § 126-1.1"; that an "interest is created under the State Personnel Act

9

(North Carolina) . . . where it stated that an employee may be discharged only for just cause";[1] that the alleged property interest "does not require an employee to have 24 months service to the state"; and that Plaintiff "had a property interest in her job." *Id.* ¶¶ 12, 27, 77-80. The court is not bound by Plaintiffs' conclusory allegation that she had a "property interest" in her employment, *see Iqbal*, 556 U.S. at 678 (explaining "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"), and other allegations in the complaint mandate a contrary conclusion.

"For the plaintiff's employment to be protected by procedural due process safeguards, [s]he must establish that [s]he had a property interest in that employment." *Dunn v. Town of Emerald Isle*, 722 F. Supp. 1309, 1311 (E.D.N.C. 1989) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)). "Whether the plaintiff has a constitutionally protected property interest depends on state law." *Id.* (citing *Bishop v. Wood*, 426 U.S. 341, 344 (1976)). "Under North Carolina law, an employee has a property interest only if [s]he has a legitimate claim to continued employment under either a contract, a state statute, or a local ordinance." *Id.* (citing *Nantz v. Emp't Sec. Comm'n*, 290 N.C. 473, 226 S.E.2d 340 (1976)). *Accord Burns v. Brinkley*, 933 F. Supp. 528, 532-33 (E.D.N.C. 1996); *Peace v. Emp't Sec. Comm'n of N.C.*, 349 N.C. 315, 321, 507 S.E.2d 272, 277 (1998).

The North Carolina General Assembly has created a constitutionally protected property interest in the continued employment of "career State employees" by providing that "[n]o career State employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." N.C. Gen. Stat. § 126-35 (West 2012); *Peace*, 349 N.C.

---

[1] The "State Personnel Act" has been renamed the "North Carolina Human Resources Act," 2013 N.C. Session Law c. 382, s. 9.1(c), but will be referred to herein as the former, consistent with the applicable version of the statute at issue in this case.

at 321, 507 S.E.2d at 277. The term "career State employee" is defined as

> a State employee or an employee of a local entity who is covered by this Chapter pursuant to G.S. 126-5(a)(2) who:
>
> (1) Is in a permanent position appointment, and
>
> (2) Has been continuously employed by the State of North Carolina or a local entity as provided in G.S. 126-5(a)(2) in a position subject to the State Personnel Act for the immediate 24 preceding months.

N.C. Gen. Stat. § 126-1.1 (West 2012). "'[A]t-will employees have no property interest in their employment cognizable under the due process clause.'" *Branch v. Guida*, No. 3:09CV417, 2011 WL 1770074, at *5 (W.D.N.C. May 9, 2011) (quoting *Privette v. Univ. of N.C. at Chapel Hill*, 96 N.C. App. 124, 137, 385 S.E.2d 185, 192 (1989)).

Plaintiff concedes in her complaint that she "had less than 24 months continuous service and had not attained the status of CAREER STATE EMPLOYEE as defined by N.C. Gen. Stat. § 126-1.1." Compl. ¶¶ 27. Notwithstanding this admission, Plaintiff goes on to allege that an "interest is created under the State Personnel Act (North Carolina) . . . where it stated that an employee may be discharged only for just cause"; the alleged property interest "does not require an employee to have 24 months service to the state"; and Plaintiff "had a property interest in her job." *Id.* ¶¶ 77-80. Plaintiff's allegation that the State Personnel Act "does not require an employee to have 24 months service to the state" is at odds with the statutory text of § 126-35, which provides "just cause" protection only to a State employee with a "permanent position appointment" *and* 24 months service in a position subject to the State Personnel Act. N.C. Gen. Stat. §§ 126-1.1; 126-35. Thus, Plaintiff has failed to plausibly allege a property interest in her employment pursuant to state statute. Moreover, the complaint does not allege that Plaintiff was employed pursuant to a contract or that

11

her alleged property interest was granted by ordinance. *See Peace*, 349 N.C. at 321, 507 S.E.2d at 277 (stating protected property interest in continued employment can arise only pursuant to "contract, a state statute or a local ordinance").

In response to Defendants' motion to dismiss, Plaintiff contends that she is a "permanent employee" entitled to due process protection pursuant to the State Employee Handbook and the North Carolina Department of Health and Human Services Grievance Policy. Pl.'s Mem. at 4-6. Specifically, Plaintiff argues that the State Employee Handbook allows an agency to provide a right of appeal to its employees without career status and that the North Carolina Department of Health and Human Services provides appeal rights to non-career employees. *Id.* Plaintiff does not allege in the complaint that she is a "permanent employee," and a plaintiff my not amend the complaint through argument in briefing. *See Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 542 (E.D.N.C. 2008) (finding plaintiff "cannot use her brief to amend her complaint") (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *In re aaiPharma Inc. Sec. Litig.*, 521 F. Supp. 2d 507, 514 (E.D.N.C. 2007); *Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, No. 07-1084, 2008 WL 238562, at *6 (4th Cir. Jan. 29, 2008) (unpublished) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment." (internal quotation omitted))).

Furthermore, even assuming *arguendo* Plaintiff has alleged "permanent employee" status, Plaintiff has cited no statute or case law in support of her argument that a property right can be

12

Case 5:12-cv-00724-FL  Document 38  Filed 02/06/14  Page 12 of 13

created by the State Employee Handbook or agency grievance policy.[2] To the contrary, the Fourth Circuit has rejected a similar argument, holding that a "personnel resolution" in a county employee handbook containing restrictions on employee discharge did not create a property interest because it was not "sufficiently analogous to a statute or ordinance." *Pittman v. Wilson Cnty.*, 839 F.2d 225, 229 (4th Cir. 1988). Accordingly, Plaintiff has failed to plausibly allege that she had any entitlement to a property right in her employment and, thus, has failed to state a procedural due process claim.

## V. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that Defendants' motion to dismiss [DE-25] be GRANTED based on sovereign immunity and failure to state a claim.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SUBMITTED, this the 5th day of February 2014.

*[signature]*

Robert B. Jones, Jr.
United States Magistrate Judge

---

[2] It is noteworthy that the term "permanent employee" can be found in prior versions of § 126-35, but that the statute has since been amended to substitute the term "career State employee" for "permanent employee." 1991 N.C. Session Law c. 354 s. 5. Thus, while there is some historical case law that refers to property rights of a "permanent employee," *see, e.g., Faulkner v. N.C. Dep't of Corr.*, 428 F. Supp. 100, 103 (W.D.N.C. 1977), those cases utilize the pre-amendment language and do not support Plaintiff's theory that, under the current statutory scheme, a "permanent employee" has a property interest in his or her employment.

13