IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-724-FL

| | |
|---|---|
| CORNELIA FAYE SNOW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF HEALTH AND HUMAN )<br>SERVICES; LONGLEAF NEURO- )<br>MEDICAL TREATMENT CENTER; )<br>WILLIAM R. BENTON, in his )<br>professional and personal capacity; )<br>WENDY GODWIN, in her professional )<br>and personal capacity; and DIVISION )<br>OF STATE OPERATED )<br>HEALTHCARE FACILITIES, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on defendants' motion to dismiss (DE 25). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") (DE 38) wherein he recommends that the court grant the motion. No objections to the M&R have been filed, and the time within which to make any objection has expired. For reasons given the court ADOPTS the M&R in full, and GRANTS defendants' motion.

On November 6, 2012, plaintiff, who was employed as a Health Care Technician at Defendant Longleaf Neuro-Medical Treatmeant Center ("Longleaf") until her termination on January 14, 2010, initiated this action by filing a motion for leave to proceed *in forma pauperis* (DE 1). Plaintiff subsequently filed an amended motion for leave to proceed *in forma pauperis* (DE 5),

which the court allowed (DE 13). Plaintiff then filed her complaint (DE 14) alleging violations of her Fourteenth Amendment procedural and substantive due process rights, as well as a state law claim for abuse of process, arising out of her termination from defendant Longleaf against the North Carolina Department of Health and Human Services ("NCDHHS"); the Division of State Operated Healthcare Facilites ("DSOHF"); Longleaf; Wendy Godwin in her professional and personal capacity ("Godwin"); and William R. Benton, in his professional and personal capacity ("Benton"). Plaintiff seeks compensatory and punitive damages, including back pay, and pre- and post-judgment interest, and costs.

Defendants responded by filing the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6) and asserting plaintiff's claims are barred by sovereign immunity. Plaintiff responded, abandoning her claims for violation of substantive due process rights and for abuse of process, as well as withdrawing her claims against defendants William R. Benton ("Benton") and Wendy Godwin ("Godwin") in their individual capacities. Thus the only remaining claim is plaintiff's claim for violation of her procedural due process. In the instant motion to dismiss, defendants assert that this claim is barred by sovereign immunity, and that plaintiff fails to state a claim for violation of procedural due process.

In the M&R, it is recommended that the court find plaintiff's procedural due process claim to be barred by sovereign immunity, and that even if it is not barred, plaintiff has failed to state a claim. Absent a specific and timely filed objection to a magistrate judge's M&R, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As set forth in the M&R, the Eleventh Amendment immunizes non-consenting states, state agencies, and state officials acting in their official capacity, from suit by private individuals in federal court. See U.S. CONST. amend XI; Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). All defendants in this case are thus entitled to sovereign immunity unless it is waived or abrogated. As noted in the M&R, sovereign immunity has not been waived, nor does the doctrine of Ex parte Young, 209 U.S. 123 (1908) apply where plaintiff seeks retroactive monetary relief.

Even were plaintiff's claim not barred by sovereign immunity, plaintiff has failed to state a claim for denial of procedural due process where the allegations in her complaint show that she had no property interest in her employment. A plaintiff must show a property interest in her employment for that employment to be protected by procedural due process. See Dail v. Town of Nags Head, 878 F.2d 1430, 1989 WL 74873, at *1 (4th Cir. 1989) (unpublished table decision). Whether a plaintiff has such a property right is determined by reference to state law. See Bishop v. Wood, 426 U.S. 341, 344 (1976). "Under North Carolina law, an employee has a protected 'property' interest in continued employment only if the employee can show a legitimate claim to continued employment under a contract, a state statute or a local ordinance." Peace v. Employment Sec. Comm'n of N. Carolina, 349 N.C. 315, 321 (1998).

Under North Carolina law, "[n]o career State employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause. . . ." N.C. Gen. Stat.§ 126-35. As explained in the M&R, a "career State employee" is:

3

a State employee or an employee of a local entity who is covered by this Chapter pursuant to G.S. 126-5(a)(2) who:

   (1)   Is in a permanent position, and

   (2)   Has been continuously employed by the State of North Carolina or a local entity as provided in G.S. 126-5(a)(2) in a position subject to the North Carolina Human Resources Act for the immediate 24 preceding months.

N.C. Gen. Stat. § 126-1.1. As plaintiff herself alleges in the complaint, she is not a career state employee. And, as further explained in the M&R, plaintiff has failed to plausibly allege any other way in which she possessed a property right to her employment, and therefore fails to state a claim for violation of her procedural due process rights.

In sum, upon careful review of the M&R and of the record generally, having found no clear error, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, for the reasons stated therein, defendant's motion to dismiss (DE 25) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge